## BEST v. LAWSON.

### May 18, 1835.

*Rule to show cause why a judgment in another court should not be set off against a judgment in this court.*

One judgment may be set off against another where both are in the same right, though in different courts. But where stay of execution has been obtained by each defendant by the respective entry of bail for that purpose in the different courts, and the expiration of the stay is at different periods, set-off will not be allowed.

*Quære*, if the application to set off is made before the entry of the bail for stay, or if the stay in both cases has expired.

THIS was a rule on the plaintiff to show cause why a certain judgment with costs in the court of common pleas of December term 1834, No. 267, in favour of the defendant, against the plaintiff, should not be set off against the judgment and costs in this case.

The judgment in this court was entered on an award of arbitrators on the 27th of September 1834, for 212 dollars 1 cent, in an action to September term 1834, No. 511. Security was duly entered on behalf of the defendant in this court, under the act of the 21st of March 1806, for a stay of execution for nine months from the first day of September term 1834.

This rule was obtained on the 18th of April 1835.

The judgment in the common pleas was upon a transcript from the docket of an alderman, showing a judgment obtained before him on the 27th of November 1834, for 70 dollars 34 cents, and that bail for stay of execution for nine months, from the date of the judgment, had been entered before the alderman under the act of the 20th of March 1810.

The transcript was filed in the common pleas on the 23d of January 1835.

It was conceded that the claim on which the judgment before the alderman was founded, existed before suit was brought in this court.

*Oakford*, in support of the rule, cited, *Babbington on Set-Off*, 6 *Law Library* 41, 42 ; Hazlehurst v. Bayard, 3 *Yeates* 152.

*T. S. Smith, contra*, cited, Dunkin v. Galbraith, 1 *Browne's Rep.* 47.

[Best v. Lawson.]

The opinion of the Court was delivered by

PETTIT, *President.*—One judgment may be set off against another where *both are in the same right*, though in different courts.   Every fair and legitimate object can be accomplished by one writ of execution for the amount of the difference, and the party obtaining the allowance of the set-off would of course be restrained from using process on the judgment in his favour.   Though neither the British statute of set-off, nor our "act for defalcation" speaks expressly of the case of *judgments*, yet, by a liberal extension of the principles of those legislative provisions, the courts have always exercised the equitable power of setting off one judgment against another, whenever the justice of the particular case required it.   The facts before us, however, do not present a ground for the equitable interference of the court.   The defendant, Lawson, it is admitted, could have set off his debt against the claim of the plaintiff before the judgment in this court was obtained, and would thereby have decreased the period of the stay of execution from nine to six months.   He omitted to do this, and obtained another judgment, on which the present plaintiff has a stay of execution, which will not expire until some time after the end of the stay in this case.   Whether, if this application had been made before the entry of security for the stay of execution in this court, we should have interfered, or whether, if the period for the stay of execution had expired in both cases, we would now make the rule absolute, it is unnecessary to intimate any opinion.   The present rule must be discharged.

Rule discharged.